CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 5 2013

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARVIN BLOCKER,** | ) | Civil Action No. 7:13cv00103 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| **WARDEN et al.,** | ) | |
| Defendants. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Plaintiff Marvin Blocker, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against twelve employees of Wallens Ridge State Prison. Blocker has supplemented his incomplete § 1983 complaint-form with twenty-two pages of journal entries that generally describe how prison employees are contaminating his already-unsatisfactory food,[1] stealing his magazines and other mail, calling him objectionable names, shouting to disturb his sleep, and refusing to provide him grievance forms.

Under 28 U.S.C. § 1915A, district courts are required to review prisoner complaints for compliance with the basic rules of pleading, and in doing so, the court must either "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." § 1915A(b). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, however, and litigants with meritorious claims should not be stymied by technical requirements. See Beaudett v. City

---

[1] Blocker complains that his meals often include old cabbage, undercooked bread and cookies, too-small pieces of cake, suspicious-smelling coffee, slimy potatoes, beans and rice that have been "played with," and various bodily fluids.

of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). Still, the relaxation of the pleading rules is not without limits. A court must, at a minimum, be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278.

Here (as with his previous complaint[2]) Blocker has alleged a number of wrongs but offered scant factual support for them, largely failed to connect any particular wrong to any particular defendant, neglected to ground his complaint on any constitutional or statutory provision, and requested no specific relief. While the pleading rules do not impose an exacting standard on Blocker, he must offer some foothold on which the defendants can base an answer or on which the court can base a judgment. Accordingly, the court dismisses Blocker's complaint without prejudice for failure to state a claim.

**ENTER:** April 25, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] See Blocker v. Virginia State Prison Officials, W.R.S.P., 7:13cv00027 (W.D. Va. January 24, 2013).